**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| Patrick Fazin,<br><br>              Plaintiff,<br><br>  v.<br><br>Enova International Inc. d/b/a CashNet USA,<br><br>              Defendant. | CIVIL ACTION NO. 4:22-cv-00075<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. Violations of the Telephone Consumer Protection Act<br>2. Violations of the Texas Debt Collection Act<br>3. Intrusion Upon Seclusion |

Now comes, Plaintiff, Patrick Fazin ("Plaintiff"), by and through undersigned counsel, and hereby sues Defendant, Enova International, Inc. d/b/a CashNet USA (hereinafter, "CashNet"), alleging as follows:

**INTRODUCTION**

1. Plaintiff brings this action seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant, in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 *et seq.*, and for Defendant's unlawful conduct in violation of the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Ann. §§ 392 *et seq.*

2. The TCPA was legislated to prevent companies like CashNet, from invading Americans' privacy by stopping abusive "robo-calls." The legislative history "described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone

1

subscribers another option: telling the autodialers to simply stop calling." Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242, 1255-56 (11th Cir. 2014).

## JURISDICTION AND VENUE

3. Since Defendant conducts business in the state of Texas, this Honorable Court has personal jurisdiction over Defendant.

4. Subject-matter jurisdiction of this Court arises under 28 U.S.C. § 1331 and 47 U.S.C. § 227(b)(3). See Mims v. Arrow Financial Services, LLC, 565 U.S. 368 (2012), holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA. Supplemental jurisdiction over the state law claim exists pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this United States District Court pursuant to 28 U.S.C §1391(b)(2) because Plaintiff resides within the Southern District of Texas and a substantial part of the events or omissions giving rise to the herein claims occurred within this District.

## PARTIES

6. Plaintiff is a natural person residing in Harris County, in the city of Houston, Texas, and is otherwise *sui juris*.

7. Defendant is a consumer finance institution with its principal place of business in Chicago, Illinois, doing business in the state of Texas.

8. At all times relevant to this Complaint, Defendant has acted through its agents, employees, officers, members, directors, corporate affiliates, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## FACTUAL ALLEGATIONS

9. Defendant is a "person," as defined by 47 U.S.C. §153 (39).

10. Defendant placed automated collection calls to Plaintiff seeking and attempting to collect on alleged debts incurred through purchases made on credit issued by Defendant.

11. Defendant may have delegated to one of its corporate affiliates the task of autodialing collection calls to Plaintiff. However, the sole contractual relationship controlling the parties' rights relevant in this case is between Plaintiff and Defendant, CashNet.

12. Defendant placed collection calls to Plaintiff's cellular telephone at phone number (713) XXX-1812.

13. Defendant placed collection calls to Plaintiff from various telephone numbers including, but not limited to, (888) 801-9078.

14. Upon information and belief based on the volume, manner, frequency and timing of the calls, Defendant's calls were placed with an automatic telephone dialing system.

15. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1), to place telephone calls to Plaintiff seeking to collect a consumer debt allegedly owed by Plaintiff, Patrick Fazin.

16. Defendant's automated calls to Plaintiff were not for emergency purposes, as would be exempted from liability by 47 U.S.C. § 227(b)(1)(A).

17. Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

18. Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

19. Defendant began contacting Plaintiff in May 2021 to inquire about the status of a loan and to collect on payments that Plaintiff were no longer being made for Plaintiff's reduced payment ability.

20. Plaintiff retained counsel to assist in dealing with Defendant's debt and to seek some type of financial relief.

21. Counsel for Plaintiff sent Defendant a letter confirming representation of Plaintiff and informing Defendant that it was to no longer contact Plaintiff directly and that all calls/letters/collection efforts were to no longer be directed at Plaintiff.

22. The contents of the letter also informed Defendant that Plaintiff was withdrawing his consent to be contacted on his cellular telephone.

23. On June 1, 2021, Counsel for Plaintiff sent Defendant the certified letter of representation and of revocation of privilege to contact Plaintiff.

24. Defendant received Plaintiff's certified letter of representation and revocation of privilege to contact on June 7, 2021.

25. By way of the June 1, 2021 letter, Plaintiff informed Defendant that he was revoking any consent he may have previously given to be called on his cellular telephone.

26. Despite Defendant receiving the notice of representation and revocation of consent, Defendant continued to contact Plaintiff on his cellular telephone.

27. Defendant would sometimes call Plaintiff numerous times each day demanding payment on the account, as Plaintiff received over 25 calls and pre-recorded messages.

28. Defendant would use an automatic dialing machine when placing the calls to Plaintiff.

29. Defendant's automatic dialing machine has the capacity to generate telephone numbers.

30. Defendant also used a pre-recorded message and/or artificial voice to leave messages.

31. Defendant left pre-recorded messages for Plaintiff.

32. Plaintiff was contacted repeatedly regarding non-payment of the debt owed to Defendant despite Defendant being notified that Plaintiff had retained counsel to deal specifically with the debt owed to Defendant.

33. Defendant's calls were frequent in nature and continued despite receiving written confirmation that Plaintiff was represented by an attorney and that all calls to Plaintiff's cellular telephone were to stop.

## FIRST CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT  - 47 U.S.C. § 227(b)(3)(C)

34. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-33.

35. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 *et seq.*

36. As a result of Defendant's negligent violations of 47 U.S.C. §227 et seq., Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and § 227(b)(3)(C).

37. Plaintiff is also entitled to injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff, Patrick Fazin, respectfully requests judgment be entered against Defendant, CashNet, as follows:

a. Awarding Plaintiff statutory damages of one thousand five hundred dollars ($1,500.00) multiplied by the number of negligent violations of the TCPA alleged herein, to wit, no less than twenty-five (25) for a total of thirty-seven thousand five hundred dollars ($37,500.00).

**SECOND CAUSE OF ACTION**
**DEFENDANT VIOLATED THE TDCA**
**TEX. FIN. CODE § 392.001 *et. seq.***

38. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-33.

39. Defendant violated the Texas Debt Collection Act, Tex. Fin. Code § 392.302(4) by causing Plaintiff's telephone to ring repeatedly or continuously and making repeated or continuous telephone calls, with the intent to harass Plaintiff at the called number.

40. The aforementioned egregious conduct caused Mr. Fazin considerable anxiety and distress after having expressed to Defendant his admitted inability to pay the debt and his desire not to be called to his cellular phone, but to contact him about the debt solely through his attorney.

41. The nature and volume of phone calls would naturally cause an individual to feel oppressed and, even more so, after the individual had expressed his desire not to be inconvenienced with calls to his cellular phone. Upon being told to stop calling, Defendant had good cause to stop its campaign of calls to Plaintiff's cellular phone. Yet, Defendant consciously chose to ignore Plaintiff's expressed will, and continued placing calls to Plaintiff's cell phone.

WHEREFORE, Plaintiff, Patrick Fazin, respectfully requests judgment be entered against Defendant, CashNet, as follows:

  a.   Awarding Plaintiff statutory damages of $100.00 for knowing/willful violation of the Texas Debt Collection Act;

  b.  Awarding Plaintiff actual damages and compensatory damages according to proof at time of trial;

  c.   Litigation costs and reasonably billed attorney's fees as Plaintiff's substantive remedy; and

d.     Granting Plaintiff such other and further relief as may be just and proper.

## THIRD CAUSE OF ACTION –
## INTRUSION UPON SECLUSION BY DEFENDANT CASHNET

42. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-33.

43. According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

44. Defendant intentionally interfered, physically or otherwise, with the solitude and seclusion of Plaintiff, namely by engaging in unlawful and intrusive communications.

45. Defendant intentionally caused harm to Plaintiff's emotional well-being by engaging in highly offensive conduct in the course of collecting its debt, and thereby invaded and intruded upon Plaintiff's rights to privacy.

46. Plaintiff has a reasonable expectation of privacy in his solitude, seclusion, and/or private concerns and affairs.

47. These intrusions and invasions against Plaintiff by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

48. Defendant received notice stating that it was no longer to contact Plaintiff as she was represented by counsel and revoked her consent to be contacted on her cellular telephone.

49. As a result of such invasions of privacy, Plaintiff is entitled to actual damages from Defendant in an amount to be determined at hearing.

## JURY TRIAL DEMAND

50. Plaintiff demands a jury trial on all issues so triable.

Dated: January 7, 2022 Respectfully submitted,

By: */s/ Carlos C. Alsina-Batista*
Carlos C. Alsina Batista (TX Bar No. 24111072)
Wajda & Associates, APC
10000 N. Central Expressway, Suite 400
Dallas, TX 75231
Tel. 888-213-0169
Email calsinabatista@wajdalawgroup.com

*Attorney for Plaintiff, Patrick Fazin*